IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LANA CORDNER,
SELBY CORDNER,

    Plaintiffs,

v.

AMERICA'S WHOLESALE
LENDER,
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,[1]

    Defendants.

CIVIL ACTION FILE

NO. 1:14-CV-01296-TWT-JFK

## **FINAL REPORT AND RECOMMENDATION**

This action commenced in this court on April 30, 2014, when the complaint filed in the Superior Court of Gwinnett County, Georgia, on March 28, 2014, was removed to federal court pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446. [Doc. 1]. The Federal Rules of Civil Procedure apply to actions removed from state court.

---

[1]The above named Defendants are the only Defendants remaining in this action. On June 16, 2014, the District Court granted [Doc. 4] Defendant McCalla Raymer LLC's ("McCalla") Fed. R. Civ. P. 12(b)(6) motion [Doc. 3] to dismiss Plaintiffs' claims for failure to state a claim for which relief can be granted, and McCalla was terminated from this action. And, on June 25, 2014, the District Court granted [Doc. 10] a Fed. R. Civ. P. 12(b)(6) motion [Doc. 6] to dismiss the complaint filed by Defendants Specialized Loan Servicing LLC and The Bank of New York Melon, and the defendants were terminated from this action.

See Fed. R. Civ. P. 81(c)(1). Even litigants who, like Plaintiffs, are proceeding *pro se* must comply with the Federal Rules of Civil Procedure, see Anderson v. Dist. Bd. of Trustees of Cent. Florida Cmty. Coll., 77 F.3d 364, 366 (11th Cir. 1996), as well as with the Local Rules of this Court.

If service of process was defective in the state court proceeding or was not attempted, 28 U.S.C. § 1448 affords the Plaintiffs an opportunity upon removal (1) to serve any Defendants not served in the state court proceeding and (2) to re-serve any Defendants who were improperly served while the matter was pending in state court. In that regard, Plaintiffs must have a Summons issued for each Defendant by the Clerk of Court; must serve the Summons and a copy of the Complaint on each Defendant within 120 days of the date of filing the Complaint by the manner and means set out in the rules; and, once service is completed, must promptly file an affidavit of such service with the Clerk of Court. See generally Rule 4, Fed. R. Civ. P.

More than 120 days have expired since this action was removed to federal court on April 30, 2014, and the docket does not reflect service of Summons and the complaint on Defendants America's Wholesale Lender and Mortgage Electronic Registration Systems, Inc. ("MERS"). The record from the underlying state court action indicates that Plaintiffs only prepared a Summons for Defendant McCalla.

2

[Doc 1-1 at 2]. Defendants Specialized Loan Servicing LLC and The Bank of New York Mellon have stated that they received only a copy of the complaint by mail, not legal service of Summons and the complaint. [Doc. 6-1 at 5].[2] There is no record evidence indicating that Plaintiffs even mailed a copy of the complaint to America's Wholesale Lender or to MERS. And, "[i]n accordance with Fed. R. Civ. P. 4, the court may, with notice to the party on whose behalf service was required, dismiss the action without prejudice as to any defendant not served within 120 days after the filing of the complaint." LR 41.2(B), N.D. Ga.[3]

However, the record reflects that Plaintiffs have taken no action to prosecute this case since they filed the complaint in the Superior Court of Gwinnett County on March 28, 2014. Inasmuch as the docket reflects that no further action has been taken by Plaintiffs who have apparently abandoned the property at issue, the court concludes that Plaintiffs have also intentionally abandoned this action.

---

[2]In their motion to dismiss, Defendants preserved their defenses of "insufficiency of process, service of process, and lack of personal jurisdiction arising therefrom." [Id.].

[3]Plaintiffs also have not kept this court advised of their mailing address resulting in mail to Plaintiffs being returned to the Clerk of Court [see Docs. 5 and 9], which constitutes grounds "either for dismissal of the action without prejudice or for entry of a default judgment." LR 41.2(C), N.D. Ga.

AO 72A
(Rev.8/82)

Local Rule 41.3A.(2), N.D. Ga., provides for dismissal for want of prosecution. Specifically, the rule states:

**LR 41.3 DISMISSAL FOR WANT OF PROSECUTION**

**A. Dismissal Authorized.** The court may, with or without notice to the parties, dismiss a civil case for want of prosecution if:

> (3) A case has been pending in this court for more than six (6) months without any substantial proceedings of record, as shown by the record docket or other manner, having been taken in the case.

LR 41.3(A)(3), N.D. Ga. "In accordance with the provisions of Fed. R. Civ. P. 41(b), a dismissal for want of prosecution operates as an adjudication upon the merits of the action . . . ." LR 41.3(B), N.D.Ga. For the foregoing reasons, the court **RECOMMENDS** that Plaintiff's complaint [Doc. 1-1] be dismissed with prejudice.

All pretrial matters have been concluded with the issuance of this Report and Recommendation in accordance with 28 U.S.C. § 636(b)(1), this Court's Local Rule 72.1, and Standing Order 14-01 (N.D. Ga. August 15, 2014). The Clerk, therefore, is **DIRECTED** to terminate the reference to the Magistrate Judge.

AO 72A
(Rev.8/82)

**SO RECOMMENDED**, this 17th day of October, 2014.

_____
JANET F. KING
UNITED STATES MAGISTRATE JUDGE